UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| CELIK HALAT VE TEL SANAYI A.S., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> INSTEEL WIRE PRODUCTS COMPANY, ) <br> SUMIDEN WIRE PRODUCTS CORPORATION, ) <br> AND WIRE MESH CORP., ) <br> ) <br> Defendant-Intervenors. ) <br> ) | Court No. 21-00045 |

**DEFENDANT-INTERVENORS' COMMENTS
IN SUPPORT OF REMAND RESULTS**

KATHLEEN W. CANNON
PAUL C. ROSENTHAL
R. ALAN LUBERDA
BROOKE M. RINGEL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

**Counsel to Defendant-Intervenors Insteel
Wire Products Company, Sumiden Wire
Products Corporation, and Wire Mesh Corp.**

**April 21, 2022**

**Table of Contents**

                                                                      **Page**

DEFENDANT-INTERVENORS' COMMENTS IN SUPPORT OF REMAND RESULTS ............................................................................................................. 1

I.     STATEMENT OF FACTS ................................................................................ 1

II.    THE DEPARTMENT'S APPLICATION OF PARTIAL AFA IS LAWFUL............................................................................................................ 4

        A.     The Court Did Not Constrain the Department's Authority to Resort to Adverse Facts Available ..................................................................... 4

        B.     The Department's Application of Partial Adverse Facts Available Is Supported By Substantial Evidence and Otherwise In Accordance With Law .............................................................................. 6

        C.     Halat Should Not Be Rewarded, and Defendant-Intervenors Should Not Be Punished, For Halat's Failure to Timely File Questionnaire Responses ............................................................................................... 9

III.   CONCLUSION................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Celik Halat ve Tel Sanayi A.S. v. United States,
  2022 Ct. Intl. Trade LEXIS 12, Slip Op. 22-12
  (Ct. Int'l Trade Feb. 15, 2022) ........................................................................... 2, 5-6

Hyundai Elec. & Energy Sys. Co. v. United States,
  15 F.4th 1078 (Fed. Cir. 2021) .............................................................................. 5-6, 9

Nexteel Co. v. United States,
  28 F.4th 1226 (Fed. Cir. 2022) ................................................................................... 5

Papierfabrik August Koehler S.E. v. United States,
  7 F. Supp. 3d 1304 (Ct. Int'l Trade 2014),
  aff'd, 843 F.3d 1304 (Fed. Cir. 2016) ......................................................................... 8

Pro-Team Coil Nail Enter. v. United States,
  419 F. Supp. 3d 1319 (Ct. Int'l Trade 2019) .............................................................. 8

Steel Auth. of India v. United States,
  149 F. Supp. 2d 921 (Ct. Int'l Trade 2001) ................................................................ 8

Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council,
  Inc.,
  435 U.S. 519 (1978) ................................................................................................... 5

**Statutes and Regulations**

19 U.S.C. § 1677e ............................................................................................... 2, 4-5

19 U.S.C. § 1677e(a)-(b) ........................................................................................... 5

19 U.S.C. § 1677m(d) ............................................................................................... 7

19 C.F.R. § 351.301(c)(1)(v) .................................................................................... 2

19 C.F.R. § 351.303(f)(1)(i)-(ii) ............................................................................... 4

**Administrative Determinations**

Final Results of Redetermination Pursuant to Court Remand PC Strand from the
  Republic of Turkey; Celik Halat ve Tel Sanayi A.S. v. United States,
  Ct. No. 21-00045 (Dep't Commerce Apr. 1, 2022) (ECF No. 30-1)
  ("Remand Determination") (Remand PR 83) .................................................................. *passim*

Issues and Decision Memorandum for the Final Affirmative Determination in the
  Less-Than-Fair-Value Investigation of Prestressed Concrete Steel Wire Strand
  from Turkey (Dep't Commerce Dec. 7, 2020) (PR 167) ("I&D Memo") ................................1

Issues and Decision Memorandum for the Final Affirmative Determination in the
  Less-Than-Fair-Value Investigation of Prestressed Concrete Wire Steel from
  Malaysia (Dep't Commerce Apr. 5, 2021), ref'd in 86 Fed. Reg. 18,502
  (Apr. 9, 2021) (final determination). .................................................................................. 9-10

Other from USDOC to File Pertaining to Interested Parties Draft Remand
  Redetermination (Dep't Commerce Mar. 14, 2022) (Remand PR 74)
  ("Draft Remand") ...............................................................................................................3, 4

**DEFENDANT-INTERVENORS' COMMENTS IN SUPPORT OF REMAND RESULTS**

These comments are filed on behalf of Insteel Wire Products Company, Sumiden Wire Products Corporation, and Wire Mesh Corp., Defendant-Intervenors in this action and petitioners below, in support of the U.S. Department of Commerce's (hereinafter "Department") final redetermination pursuant to remand in the above-captioned action.  See Final Results of Redetermination Pursuant to Court Remand PC Strand from the Republic of Turkey; *Celik Halat ve Tel Sanayi A.S. v. United States*, Ct. No. 21-00045 (Dep't Commerce Apr. 1, 2022) (ECF No. 30-1) (hereinafter "Remand Determination") (Remand PR 83).[1]

## I.   STATEMENT OF FACTS

In the underlying investigation, the Department rejected Celik Halat ve Tel Sanayi A.S.'s ("Halat") untimely filed responses to Section B and C of the Department's initial antidumping questionnaire.  Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Prestressed Concrete Steel Wire Strand from Turkey, at 4 (Dep't Commerce Dec. 7, 2020) (PR 167) (hereinafter "I&D Memo").  In addition, the Department assigned Halat an antidumping rate based on total adverse facts available explaining that necessary information was missing from the record, Halat failed to submit information by the deadline established or in the form and manner requested, and failed to cooperate to the best of its ability.  Id., at 4-8 (PR 167).

---

[1]   Documents in the administrative record compiled in connection with the Remand Determination are cited using the descriptions provided in the Index to the Administrative Record, filed with this Court on April 15, 2022 (ECF No. 31).  Documents are cited by their confidential record number ("Remand CR __") and/or their public record number ("Remand PR __"), as appropriate.  Additionally, documents in administrative record compiled in connection with the Department's original determination are cited using the descriptions provided in the Index to the Administrative Record, filed with this Court on March 15, 2021 (ECF No. 16).  These documents are cited by their confidential record number ("CR __") and/or their public record number ("PR __"), as appropriate.

The U.S. Court of International Trade ("CIT") held that the Department abused its discretion by rejecting Halat's untimely filed Section B and C responses, as well as assigning Halat a dumping rate based on total adverse facts available. See Celik Halat ve Tel Sanayi A.S. v. United States, 2022 Ct. Intl. Trade LEXIS 12, at *23-37, Slip Op. 22-12 at 20-31 (Ct. Int'l Trade Feb. 15, 2022) ("Halat v. U.S."). As a result, the Court ordered "Commerce to determine a new estimated dumping margin for {} Halat that does not resort to 19 U.S.C. § 1677e with respect to the filing of the Sections B and C questionnaire response." Id., 2022 Ct. Intl. Trade LEXIS 12, at *37, Slip Op. 22-12 at 31. Further, the Court established a "limited period of time for" the Department to determine a new estimated dumping margin – 45 days from the date of the issuance of the Court's Opinion and Order. Id., 2022 Ct. Intl. Trade LEXIS 12, at *38, Slip Op. 22-12 at 32.

On remand, the Department instructed Halat to re-submit its Section B and C responses, and provided interested parties with three business days to submit information to rebut, clarify, or correct information contained in Halat's responses. See Letter from USDOC to Interested Parties Pertaining to Interested Parties Opens Record for Relevant Information at 1 (Remand PR 1).[2]

Following Halat's resubmission of its questionnaire responses, and Defendant-Intervenors' submission of comments on deficiencies in Halat's responses, the Department issued Halat a questionnaire in lieu of verification. See Letter from USDOC to Global Consulting Pertaining to Celik Halat Verification Questionnaire (Mar. 1, 2022) (Remand CR 33) (Remand PR 40).

---

[2]    Normally, interested parties have fourteen business days to submit information to rebut, clarify, or correct information contained in a respondent's initial questionnaire responses. See 19 C.F.R. § 351.301(c)(1)(v).

- 2 -

Subsequent to Halat's submission of its response to the Department's questionnaire in lieu of verification, the Department issued a draft redetermination pursuant to court remand. See Other from USDOC to File Pertaining to Interested Parties Draft Remand Redetermination (Mar. 14, 2022) (Remand PR 74) ("Draft Remand"). Therein the Department calculated a dumping margin for Halat of 15.11 percent based on the company's information. Id. at 2 (Remand PR 74).

The Department also made the following adjustments to Halat's reported cost of production:

1. Increased Halat's reported general and administrative expenses ("G&A") to include "Other Ordinary Expenses and Losses" and "Non-Operating Expenses and Losses" from Halat's fiscal year 2019 financial statements; and

2. Revised Halat's reported scrap offset to reflect the quantity of scrap generated in the production of the merchandise under consideration.

Id. at 14 (Remand PR 74); see also Memo from USDOC to Office DIR/OA Pertaining to Celik Halat Draft Remand COP Adjustments (Mar. 14, 2022), at 1-2, Attachment 1 (Remand CR 63) (Remand PR 79) ("COP/CV Adjustments Memo").

Defendant-Intervenors and Halat each filed comments on the Department's Draft Remand. Defendant-Intervenors urged the Department to assign Halat an antidumping margin based on total adverse facts available, as Halat withheld certain necessary information, and failed to cooperate to the best of its ability. See Letter from Kelley Drye & Warren LLP to Sec of Commerce Pertaining to Petitioners Cmts on Draft Remand (Mar. 18, 2022), at 2-5 ("Petitioners' Cmts.") (Remand CR 71) (Remand PR 81). Alternatively, Defendant-Intervenors argued the Department should rely on partial adverse facts available with respect to Halat's reporting of freight expenses. Id., at 6-9 (Remand CR 71) (Remand PR 81).

Halat argued that the Department should reverse its adjustments to Halat's reported G&A expenses and scrap offset.  See Brief from Global Consulting Economic & Legal Consulting Services LLC to Sec of Commerce Pertaining to Celik Halat Cmts on Draft Remand (Mar. 17, 2022), at 2-6 ("Halat's Cmts.") (Remand CR 70) (Remand PR 80).

Following the parties' submission of rebuttal comments,[3] the Department issued the Remand Determination with the Court.

## II. THE DEPARTMENT'S APPLICATION OF PARTIAL AFA IS LAWFUL

### A. The Court Did Not Constrain the Department's Authority to Resort to Adverse Facts Available

Halat claimed in its rebuttal comments on the Department's Draft Remand that the agency cannot resort to use of adverse facts available because it "would be directly contrary to the Court's determination" and the "Court explicitly said in the slip opinion not to apply AFA, and to calculate a non-AFA margin from the record already collected."  Memo from USDOC to File Pertaining to Celik Halat's Rebuttal Comments (Apr. 7, 2022), Attachment 2 at 1 (Remand PR 86) ("Halat's Rebuttal Cmts.").  This claim is wrong.

The Court did not eliminate the Department's ability to resort to the use of adverse facts available in appropriate circumstances.  The Court ordered "Commerce to determine a new

---

[3]   Defendant-Intervenors did not receive a copy of Halat's comments on the date they were filed and were not aware Halat filed rebuttal comments until reviewing the Department's Remand Determination, which cited to Halat's submission.  See, e.g., Remand Determination, at 17 n.43 (Remand PR 83).  After counsel for Defendant-Intervenors notified the Department of Commerce analysts in charge concerning this issue, the Department placed a memorandum on the record, which indicates that the Halat's comments were inadvertently not uploaded to the Department's public docket contained in IA ACCESS.  Memo from USDOC to File Pertaining to Celik Halat's Rebuttal Comments (Apr. 7, 2022), at 1 (Remand PR 86).  In addition, although the Department's regulations required Halat to serve persons on the service list with a copy of its comments on the date they were filed, Halat did not serve counsel for Defendant-Intervenors with a copy of its comments.  See 19 C.F.R. § 351.303(f)(1)(i)-(ii).

estimated dumping margin for {} Halat that does not resort to 19 U.S.C. § *1677e with respect to the filing of the Sections B and C questionnaire response*" but said nothing about the Department's authority to resort to the use of adverse facts available more generally.  Id., 2022 Ct. Intl. Trade LEXIS 12, at *37, Slip Op. 22-12 at 31 (emphasis added).

In fact, an interpretation of the Court's order restricting the Department from resorting to adverse facts available under appropriate circumstances would be contrary to law, as the Court does not possess such authority.  As the U.S. Supreme Court held,

> while a court may have occasion to remand an agency decision because of the inadequacy of the record, the agency should normally be allowed to "exercise its administrative discretion in deciding how, in light of internal organization considerations, it may best proceed to develop the needed evidence and how its prior decision should be modified in light of such evidence as develops."

Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 544 (1978) (quoting FPC v. Transcontinental Gas Pipe Line Corp., 423 U.S. 326, 333 (1976)).  The U.S. Court of Appeals for the Federal Circuit just recently upheld this important tenet in sustaining the U.S. Court of International Trade's substantive analysis but vacating its remand order because the Court "exceeded its authority by directing Commerce to reach a particular outcome."  Nexteel Co. v. United States, 28 F.4th 1226, 1238 (Fed. Cir. 2022).

The Department's ability to apply adverse facts available in circumstances set forth in the statute cannot be delimited by the Court before the facts of the case have been developed.  The statute states that the administering authority "shall" use facts otherwise available, which may include adverse inferences, where parties withhold information, fail to provide needed information or where information submitted cannot be verified, among other reasons.  19 U.S.C. § 1677e(a)-(b).  Moreover, the Department has a duty to ensure uncooperative parties do not benefit from their failure to cooperate.  Hyundai Elec. & Energy Sys. Co. v. United States, 15

F.4th 1078, 1090 (Fed. Cir. 2021) (citing Mukand, Ltd. v. United States, 767 F.3d 1300, 1307 (Fed. Cir. 2014), citing H.R. Rep. No. 103-316, at 200 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4199). The remand proceeding provided Halat with an opportunity to resubmit its information notwithstanding its initial untimely filing, and required Commerce not to reject that information, but Commerce still needed to examine and verify the information. Halat's apparent view that it had received a pass from the Court and could not be subject to the use of even partial facts available irrespective of what information it submitted or withheld from the agency, or whether that information was verifiable, is directly inconsistent with the statute.

### B. The Department's Application of Partial Adverse Facts Available Is Supported By Substantial Evidence and Otherwise In Accordance With Law

The agency's resort to partial adverse facts available here is lawful. In its initial antidumping questionnaire, the Department instructed Halat to report its inland freight and international freight expenses in separate fields, but Halat claimed it was unable to do so because its unaffiliated freight supplier "issues one invoice which covers both inland and international transportation without breaking it down." Response from Global Consulting Economic & Legal Consulting Services LLC to Sec of Commerce Pertaining to Celik Halat Resubmission of Response to Section B and C Public (Feb. 21, 2022), at 21, 23 ("Halat's Section CQR") (Remand CR 1) (Remand PR 5). Halat did not submit any documentation, such as an invoice from its freight supplier, or a contract, in support of this claim, despite explicit instructions to do so. See, e.g., id. at 23 ("{s}upply any contracts or tariff agreements with carriers that apply to the merchandise under investigation").

Halat also informed the Department that it calculated the freight expenses based on the rate it charged its U.S. customer and that was identified as a separate line on the commercial invoice. Id. at 23. Thus, Halat did not report any inland freight expenses, and instead reported

ocean freight expenses based on the freight rates it charged its customers, i.e., Halat's freight *revenue*.

In the questionnaire in lieu of verification, the Department followed up on this deficiency, thereby satisfying 19 U.S.C. § 1677m(d). In particular, the Department instructed Halat that:

> **a complete set of documents should be submitted** for that sale supporting all sale-specific information listed in the home market or U.S. sales files reported to Commerce. **For charges and adjustments that represent the transaction-specific charges and adjustments for that transaction**, such as on-invoice discounts, **freight**, commissions etc., the supporting documents should be included for that transaction and, where appropriate, a worksheet should be provided to link the charge or adjustment reported for that observation.

Response from Global Consulting Economic & Legal Consulting Services LLC to Sec of Commerce Pertaining to Celik Halat Verification Qnaire Resp (Mar. 11, 2022), at 5 (emphases added) ("Verification Questionnaire") (Remand CR 34) (Remand PR 45). The Department also separately instructed Halat to provide all relevant shipping documents including "freight bills, bills of lading, and airway bills." Id. at 8-9 (Remand CR 34) (Remand PR 45).

Instead of supplying the requested information, however, Halat simply referred the Department to its submission of two bills of lading. Id. at 8-9, Exhibits R-12, R-15 (Remand CR 34, 50, 53) (Remand PR 45, 61, 64). As a result, there is no documentary support for Halat's reported international freight expenses (which also cover inland freight expenses according to Halat).

In its rebuttal comments, Halat attempts to justify its failure to cooperate by explaining that its freight provider "issues one invoice which covers both transportations without breaking it down" and it "submitted several commercial invoices for its export sales to the US." Halat's Rebuttal Cmts. at 2 (Remand PR 86). Halat's explanation, however, misses the point. The

specific gap in the record is that Halat reported its freight revenue as its freight expenses. Halat's submission of commercial invoices to its customers is not evidence of Halat's freight expenses and, as a result, there is no record evidence to support Halat's reported freight expenses, a gap in the record the Department was therefore required to fill. See Remand Determination, at 22-25 (Remand PR 83).

Halat's refusal to supply the requested information concerning its freight expenses prevented the Department from being able to verify the reported expenses. Remand Determination, at 24 (Remand PR 83). As the Department explained, Halat failed to supply requested documents "over which it maintained control," i.e., contracts with or invoices received from its freight provider, and its refusal to supply this information – despite being given an opportunity to do so with the initial questionnaire and during verification – evinces a lack of cooperation. Id. at 25 (Remand PR 83). Halat cannot pick and choose which information to submit to the Department. Steel Auth. of India v. United States, 149 F. Supp. 2d 921, 928 (Ct. Int'l Trade 2001) ("Moreover, if the Department were forced to use the partial information submitted by respondents, interested parties would be able to manipulate the process by submitting only beneficial information. Respondents, not the Department, would have the ultimate control to determine what information would be used for the margin calculation. This is in direct contradiction to the policy behind the use of facts available.") (citation omitted); Pro-Team Coil Nail Enter. v. United States, 419 F. Supp. 3d 1319, 1339 (Ct. Int'l Trade 2019) (same); Papierfabrik August Koehler S.E. v. United States, 7 F. Supp. 3d 1304, 1314 (Ct. Int'l Trade 2014), aff'd, 843 F.3d 1304 (Fed. Cir. 2016) (same). The Department's determination to apply partial adverse facts available concerning this issue is therefore supported by substantial evidence and otherwise in accordance with law.

C.      **Halat Should Not Be Rewarded, and Defendant-Intervenors Should Not Be Punished, For Halat's Failure to Timely File Questionnaire Responses**

As a matter of policy, restricting the Department's authority to resort to adverse facts available under appropriate circumstances would punish Defendant-Intervenors – representing the domestic industry that pursued and invested in this case, and that the U.S. International Trade Commission determined was injured by unfairly trade imports from Turkey and other countries. Halat failed to timely file its questionnaire responses, on two occasions, and the Department ultimately determined these actions warranted application of total adverse facts available. Regardless of the Court's opinion concerning the Department's initial determination, Defendant-Intervenors must not be punished for Halat's failures.

Likewise, the "statement of administrative action on the Uruguay Round Agreements Act provides that 'the purpose of the adverse inference provision is to encourage future cooperation and *ensure that a respondent does not obtain a more favorable antidumping rate by failing to cooperate*.'"  Hyundai Elec., 15 F.4th at 1090 at 1090 (emphasis added) (further citations omitted).  Halat should not be rewarded for its failure to timely file questionnaire responses, which as discussed in section II.B. were also incomplete, by being exempt from application of partial adverse facts available.  Halat should be held to the same standards as other foreign producers of prestressed concrete steel wire strand ("PC strand") that submitted timely responses to the Department's questionnaires.

In the Department's investigation of PC strand from Malaysia, for example, the Department relied on partial adverse facts available concerning the respondent's freight expenses based on very similar facts.  See Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Prestressed Concrete Wire Steel from Malaysia, at 5-8 (Dep't Commerce Apr. 5, 2021), ref'd in 86 Fed. Reg. 18,502 (Apr. 9,

2021) (final determination).  There the respondent failed to provide information concerning its freight expenses (including contracts or tariff agreements) in response to the Department's initial questionnaire response, and also failed to submit supporting documentation concerning its reported freight expenses in response to a supplemental questionnaire.  Id. at 7.  As a result, the Department relied on partial adverse facts available with respect to the respondent's movement expenses.  Id. at 8.  As discussed in section II.B., Halat also failed to submit such information and therefore should be treated the same as the Malaysian respondent, who did in fact submit timely, yet incomplete, responses to the Department's questionnaires.

Halat is not entitled to more deferential, less probing treatment because of the nature of the proceedings in this case. In the remand proceeding, pursuant to this Court's order, the Department accepted Halat's Sections B and C questionnaire responses for examination.  That the Department examined those responses with "fresh eyes" and in the same manner as it would have had the responses been accepted during the original investigation was appropriate and fair.

### III.   CONCLUSION

For the reasons discussed above, Defendant-Intervenors urge this Court to sustain the Department's Remand Determination in its entirety.

/s/ *Kathleen W. Cannon*
KATHLEEN W. CANNON
PAUL C. ROSENTHAL
R. ALAN LUBERDA
BROOKE M. RINGEL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

Counsel to Defendant-Intervenors Insteel Wire Products Company, Sumiden Wire Products Corporation, and Wire Mesh Corp.

April 21, 2022

**CERTIFICATE OF COMPLIANCE**
**WITH COURT OF INTERNATIONAL TRADE**
**STANDARD CHAMBERS PROCEDURES**

Pursuant to the Court of International Trade Standard Chambers procedures, counsel for Defendant-Intervenors Insteel Wire Products Company, Sumiden Wire Products Corporation, and Wire Mesh Corp. certifies that these Comments in Support of the U.S. Department of Commerce's Remand Results contain 3044 words, including footnotes, tables, and charts. The word count certification is made in reliance on the word-count feature contained in Microsoft Word Office 2013.

/s/ Joshua R. Morey
KATHLEEN W. CANNON
PAUL C. ROSENTHAL
R. ALAN LUBERDA
BROOKE M. RINGEL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400

Counsel to Defendant-Intervenors Insteel Wire Products Company, Sumiden Wire Products Corporation, and Wire Mesh Corp.

Dated: April 21, 2022